IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HOWARD WAYNE LEE #1833491 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv572 |
| TAWANA SMITH, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Howard Lee, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is an officer of the Texas Department of Criminal Justice, Correctional Institutions Division named R.H. Warren.

**I. The Plaintiff's Claims**

Lee complained of deliberate indifference to his serious medical needs. He complains that in June of 2014, while he was confined in the Southern District of Texas, a prescription for a medication called Asacol was changed to Delzical. On October 9, 2014, he suffered an allergic reaction to an antibiotic called cephalexin. He was transferred to the Michael Unit, in the Eastern District of Texas, on October 13, 2014. After his condition from the allergic reaction did not improve, he was taken to a free-world hospital on November 7, 2014. He was then sent to John Sealy Hospital in Galveston where he received extensive treatment and was discharged from the hospital a week later, on November 14, 2015.

In February of 2015, colon polyps were discovered and Lee received a prescription for mesalamine enemas, but it was not unti May 5 that he was told the mesalamine, which was non-

1

formulary, had been approved and was in the infirmary. On May 7, the enemas stopped being given out. Lee contends that the Delzical does him no good.

Lee asserted that Dr. Smith gave him the cephalexin in "retaliation," although he does not say for what. He states that this allergic reaction was almost fatal and speculates that his enemas "might get spiked with poison or something."

## II. The Magistrate Judge's Report

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed because Lee had previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. As a result, the magistrate judge determined, Lee cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger as of the time of the filing of the lawsuit, which was June 16, 2015. *See* 28 U.S.C. §1915(g); Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The magistrate judge also stated that allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the exception refers to a genuine emergency where time is pressing. Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003); *see also* Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," failed to sufficiently allege imminent danger). Lee's complaints concerning the allergic reaction and the discontinuation of the enemas allege past harm, not harm which is imminent or occurring as of the filing of the lawsuit. The magistrate judge also observed that far from alleging deliberate indifference, Lee's pleadings show that he has received a considerable quantum of medical care, and his disagreement with the care he has received does not bespeak deliberate indifference to serious medical needs.

## III. The Plaintiff's Objections

In his first set of objections, Lee argues that rectal bleeding over a period of several months is "pressing or a genuine emergency." He asserts that Dr. Smith gave him cephalexin out of

2

deliberate indifference and the fact that he was taken to John Sealy Hospital was the result of retaliation and deliberate indifference. Lee concedes that he had surgery and his polyps were removed on February 6, 2015, and states that he suffered another allergic reaction, to a medication called Tegretol, on or around October 12, 2015.

In his first supplemental objections, Lee asserts that Dr. Smith refused to see or talk to him after he suffered the allergic reaction in October of 2014. He says that inmates are not allowed to have research materials in their rooms at John Sealy Hospital and when inmates are taken to the hospital, they don't have time to put together a packet of materials they will need.

In his second set of supplemental objections, Lee provides a copy of a Step One grievance, signed by Michael Unit practice manager Pam Pace. In this response, Pace states that according to a chart review on October 12, 2015, Lee was evaluated by nurse practitioner Schafer for TED hose, pain medication, and dry skin. There was no medical indication for TED hose and she prescribed Tegretol, but on October 12, he was seen as an urgent emergent for an allergic reaction and sent to the local hospital. He was evaluated by Dr. Shrode on October 15 for the reaction and prescribed Cyproheptadine.

**III. Analysis**

Lee's claim concerning the allergic reaction to cephalexin represents a past harm, not an imminent danger of serious physical injury as of the time of the filing of the complaint. As such, it does not meet the exception to §1915(g). *See* Baños, 144 F.3d at 884 ("imminent danger" means at the time he seeks to file his lawsuit; allegations that prison officials sexually harassed the plaintiff by conducting body cavity searches before he filed his complaint did not suffice); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir 2003) (allegations of past harm do not meet the imminent danger requirement). The allergic reaction to the Tegretol came well after the lawsuit was filed and also does not show imminent danger at the time of this filing; in addition, Lee's documentation shows that he received medical care for this reaction, including a trip to the hospital. Lee offers nothing to suggest that either Dr. Smith or Nurse Practitioner Schafer knew that Lee would have an allergic

3

reaction to these medications. *See generally* Perkins v. Texas Department of Criminal Justice, 127 F.App'x 142 (5th Cir., April 4, 2005) (error in mistakenly giving inmate a drug to which he had a known allergy was not deliberate indifference despite severe reaction which resulted).

Although Lee argues that the medical treatment he is receiving places him in imminent danger, his pleadings make clear that he is receiving a significant amount of care, and his complaints about the quality of this care do not overcome the imminent danger threshold. *See, e.g.*, Stone v. Jones, 459 F.App'x 442, 2012 U.S. App. LEXIS 1837 (5th Cir., January 31, 2012) (where plaintiff's claim of imminent danger was predicated on allegedly inadequate medical care, but there are no medical records or grievances in the record substantiating his allegations, plaintiff failed to demonstrate that he was under imminent danger of serious physical injury as of the time of filing his appeal); Edmond v. Texas Department of Corrections, 161 F.3d 8, 1998 U.S. LEXIS 39412 (5th Cir., October 7, 1998) (plaintiff's claim that Dallas County Jail will not provide him with the physical and mental health care that he needs is insufficient to set out a claim for deliberate indifference); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) (allegations of withheld medical treatment when prisoner was seen numerous times by medical personnel is not imminent danger). Lee's allegations are likewise insufficient to invoke the exception. *See also* Lyles v. Dretke, civil action no. 6:08cv382, 2009 U.S. Dist. LEXIS 20849 (E.D.Tex., March 16, 2009) (housing assignment causing mental stress and elevated blood pressure resulting in 87 requests for blood pressure medication in 24 days did not show imminent danger); King v. Livingston, 212 F.App'x 260, 2009 U.S. App. LEXIS 30383 (5th Cir., December 11, 2006) (allegations that plaintiff had been assaulted several times by defendants or other inmates, and defendants have attempted to cause serious injury to the plaintiff from the time of Hurricane Katrina to the present, were insufficient to invoke the imminent danger exception). Lee's objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1)

(district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 4) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

SIGNED this 8th day of March, 2016.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE